**Sonja JOHNSON, Petitioner,**

v.

**The Honorable Jacob MISHLER, Chief Judge for the Eastern District of New York, Respondent.**

**No. 1178, Docket 75–3025.**

United States Court of Appeals, Second Circuit.

Argued May 30, 1975.

Decided July 14, 1975.

Joseph W. Ryan, Jr., Mineola, N. Y., for petitioner.

Pamela C. McGuire, Asst. U. S. Atty. (David G. Trager, U. S. Atty., E. D. N. Y., Paul B. Bergman, Asst. U. S. Atty., of counsel), for respondent.

Before CLARK, Associate Justice,* and HAYS and MANSFIELD, Circuit Judges.

PER CURIAM:

This is an original action for mandamus filed pursuant to the All Writs Act, 28 U.S.C. § 1651 and Rule 21 of the Federal Rules of Appellate Procedure. Sonja Johnson, a discharged probation officer of the United States District Court for the Eastern District of New York, seeks an order directing the Chief Judge of the District to reinstate her on the payroll of the Probation Department of the District and directing that she be afforded a hearing with regard to her removal and that she be retained in such a position.

1. *Background:*

Under 18 U.S.C. § 3654, the power to appoint and remove probation officers is vested in those courts "having original jurisdiction to try offenses against the United States." It appears that Miss Johnson was appointed a probation officer in the Eastern District of New York by the full complement of its judges on April 8, 1974, for six months and thereafter ". . . until the further order of the court . . ." Petitioner obtained a Master of Science degree from Columbia University, School of Social Work and a Bachelor of Science degree in Business Administration from New York University School of Commerce. She served as an officer in the United States Navy for two years, as a social case worker for Metropolitan Hospital for four years, and as Supervisor of the Medical Unit at Kings County Hospital for eight months prior to becoming a probation officer.

2. *Work Performance as Probation Officer:*

In September, 1974, the Chief Probation Officer for the Eastern District reviewed petitioner's work performance and she was advised that her writing,

especially of presentence reports, was unsatisfactory and a Supervisor was assigned to assist her in that regard. By December her performance continued below acceptable standards but she was officially rated "fair" on her efficiency rating. Although petitioner thought the rating was unjust she did not contest it believing that it might "antagonize her superiors and unduly strain her working conditions." Subsequently she was given a series of writing exercises using disposed cases as a basis of reference.

On April 11, 1975, the Chief Probation Officer wrote petitioner a letter advising that he still found her writing inadequate and, after outlining her problem, he concluded:

We are now at the point where you have been on the staff for one year and are eligible to be considered for promotion to a Grade 11 level. However, we find that your job performance in the critical area of writing background reports for the Court remains substantially below acceptable standards for someone who has been twelve months on the job, and this in spite of limited work assignments and extra assistance provided by the supervisory staff. We thus find ourselves in the position of being unable to recommend your promotion, unable to allocate further special tutoring, and unable to continue limited work assignments for this purpose.

The end result is that you cannot be assigned full job responsibilities, and under these conditions, cannot be continued in the employ of the Probation Department in this District. Under the circumstances it is suggested that you submit a letter of resignation, or we shall be forced to terminate your employment as of April 30, 1975.

Petitioner then retained counsel who advised the Chief Probation Officer that petitioner "would like an opportunity for a hearing with the right to present any

* United States Supreme Court, retired, sitting by designation.

matter which might persuade you otherwise." This request was denied and on April 30th petitioner's employment as a probation officer was terminated as of that date.

### 3. The Regulations of the Probation Department:

. Section 8.30(D) of the Regulations of the Probation Department provides that a Probation Officer shall be entitled to an impartial hearing before the Chief Judge when the officer wishes to appeal his or her "efficiency rating" and that the Chief Judge "will determine the final efficiency rating to be assigned without further review." One of the obvious objectives of this built-in due process procedure is to protect employees of the Probation Department against discharge, demotion, or denial of a promotion, because of errors or unfairness in any ratings. After an employee has been given an annual rating consistent with continued employment, to turn around and discharge her for inefficiency without according her the hearing to which she was entitled under Section 8.30(D) would be to circumvent and defeat that Regulation, since the employee, had she been advised earlier of her proposed dismissal, could have invoked her Section 8.30(D) right to a hearing at that time. Yet that was the procedure followed in petitioner's case.

■ As we have noted above, in April 1975 the Chief Probation Officer found petitioner, who had been accorded a "fair" rating in December, 1974, and had been employed for one year by the Probation Department, "eligible to be considered for promotion to grade 11 level." However, he not only concluded that he was unable to recommend her promotion to grade 11 level but advised her that unless she submitted a letter of resignation he would terminate her employment as of April 30, 1975. The Chief Probation Officer and the Chief Judge thereafter refused an appeal from this deter-mination and summarily dismissed petitioner from the service. We find this procedure to be in violation of Section 8.30(D), which we construe as entitling petitioner under these circumstances to appeal to the Chief Judge. It therefore becomes unnecessary for us to decide whether she would also be entitled to such an appeal as a matter of constitutional due process. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

### 4. Contentions of the Parties:

■ The petitioner urges that Sampson v. Murray, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) is controlling while respondent says that it is inapposite. But we need not rely on the All Writs Act. We believe that jurisdiction is present in the exercise of our supervisory power over the administration of the courts. United States v. Dooling, 406 F.2d 192, 198 (2nd Cir. 1969); United States v. Weinstein, 452 F.2d 704, 708–709 (2nd Cir. 1971). In practical effect petitioner has been denied her rights under the Regulation and a stigma has been placed upon her which may prevent her from taking advantage of other employment in the field in which she is trained, without her being heard. Certainly such a situation should not be tolerated in the courts of all places.

We therefore direct that, upon the petitioner filing an appropriate application with the Chief Judge seeking the vacation of the order terminating her employment as a probation officer, the same be granted forthwith and that she be afforded a full hearing as provided by Section 8.30(D) of the Regulations as to her efficiency rating in and dismissal from the Probation Department and that such further orders as to her permanent status as a probation officer be determined by the Chief Judge and an appropriate order be entered thereon accordingly.

It is so ordered.