842 F.2d 993
 54 Fair Empl.Prac.Cas. 1819,
46 Empl. Prac. Dec. P 37,941
In re Patricia A. PICKETT, Petitioner.
 No. 87-1875.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 12, 1987.
Decided March 18, 1988.
 
 Melba Parente, Clayton, Mo., for appellant.
 Joseph Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.
 Before ARNOLD, WOLLMAN and MAGILL, Circuit Judges.
 MAGILL, Circuit Judge.
 
 
 1
 Patricia A. Pickett (Pickett), who was employed for eleven years as a probation officer, filed this action for mandamus. Pickett asks this court to direct the Honorable John F. Nangle[1] to vacate an order he entered on June 13, 1985, which stayed further discovery and proceedings in Pickett's ongoing administrative actions. Pickett asserts that Judge Nangle abused his judicial power by ordering a stay of all proceedings in Pickett's administrative actions for over two years.
 
 
 2
 I. BACKGROUND.
 
 
 3
 Pickett was appointed a probation officer for the United States Probation Office in the Eastern District of Missouri (Office) in March 1975. In 1982 the Chief Probation Officer retired, and Pickett was not chosen to replace him. Later in 1982 and again in 1984, supervisory positions became available within the Office and Pickett's applications for these positions were rejected. Pickett believed she was better qualified than the men chosen for these four positions, and suspected that she was being discriminated against because she is a woman.
 
 
 4
 II. PROCEDURAL HISTORY.
 
 
 5
 Pickett challenged her alleged discriminatory treatment using dual administrative procedures available to her as a probation officer. First, she proceeded under the Judicial Equal Employment Opportunity Plan (JEEP), which was adopted by the District Court for the Eastern District of Missouri on May 12, 1980. Second, she proceeded under the Recommended Guidelines for Adverse Personnel Actions in the United States Courts (RGAPA). Pursuant to the JEEP, Pickett requested review by the Equal Employment Opportunity Coordinator for the district court, who ruled against Pickett on April 1, 1985. Under the JEEP, the adverse ruling entitled Pickett to a hearing. Pickett was also entitled to a hearing under the RGAPA. Under both the JEEP and the RGAPA, the hearing is held by the "Chief Judge [of the district court] or a designee."
 
 
 6
 Accordingly, on April 3, 1985, Judge Nangle designated United States Magistrate William Bahn to conduct a consolidated hearing under both procedures "within a reasonable period of time," and stated that Magistrate Bahn's decision would be final. Magistrate Bahn ordered an evidentiary hearing to take place on July 18, 1985. The Office requested that Pickett's discovery be limited to her own personnel files and records, rather than allowing her to peruse the records of other Office employees. Magistrate Bahn denied the request, reasoning that the only way Pickett could prove her charge of discrimination was by comparing her pertinent records with those of comparable males in the Office. The Office petitioned Judge Nangle to review Magistrate Bahn's order.
 
 
 7
 On June 13, 1985, Judge Nangle issued an order staying further discovery and proceedings in Pickett's case "until further order of this Court." The reason for the order was as follows:
 
 
 8
 In view of the fact that the United States Probation Office has raised several significant questions regarding the procedural parameters applicable in this matter and in view of the fact that the resolution of said questions may have far-reaching effects for the personnel who fall under the supervisory umbrella of this Court, a temporary stay of activity in this case is appropriate to give the Judges of this District an opportunity to consider and decide these important questions. In addition, this Court may consider promulgating guidelines to govern this matter, as well as similar matters that may arise in the future. Such guidelines should not be promulgated hastily and therefore a temporary stay of activity in this matter is warranted.
 
 
 9
 III. DISCUSSION.
 
 
 10
 Pickett asks this court to issue an order of mandamus directing Judge Nangle to lift the stay, which he characterized as "temporary" but which has continued for over two and a half years. A threshold inquiry is whether we have jurisdiction over this matter. Pickett urges that we have two sources of jurisdiction: The All Writs Act and our general supervisory authority over the district court. The All Writs Act, 28 U.S.C. Sec. 1651(a), empowers us to issue all writs necessary or appropriate in aid of our jurisdiction. Pickett's appeal to this court, however, arises out of an administrative proceeding conducted by the district court in its capacity as employer, not as a judicial body. Because Pickett's complaint is administrative in nature and is not a lawsuit, we question whether we have jurisdiction to superintend a non-judicial activity by a district court judge.
 
 
 11
 Pickett directs our attention to La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957).[2] La Buy stated that "supervisory control of the District Courts by the Courts of Appeals is necessary to proper judicial administration in the federal system. The All Writs Act confers on the Courts of Appeals the discretionary power to issue writs of mandamus in the exceptional circumstances existing here." La Buy, 352 U.S. at 259-60, 77 S.Ct. at 315. The writ of mandamus in La Buy, however, issued in the context of a lawsuit, not an internal administrative proceeding. Pickett urges a broad reading of La Buy, arguing that we have the supervisory authority to order the district court to follow its own administrative regulations. We decline such a broad interpretation.
 
 
 12
 We are a court of limited jurisdiction, and we may not create jurisdiction where it does not exist. Our supervisory authority over the district court is limited to supervising its judicial activities. La Buy spoke of our control over "judicial administration," not internal or personnel administration. Here the district court is acting in its capacity as a government employer, not as a judicial decisionmaker. The fact that we sit as a reviewing body to the district court, when it acts as a court, does not mean we are also empowered to review its other, non-judicial activities. Accordingly, Pickett's petition for mandamus is dismissed for want of jurisdiction.
 
 
 13
 We note in conclusion that Pickett has become stymied in an administrative proceeding, and her proper recourse is through administrative means.
 
 
 14
 We think a more appropriate forum for her petition is the Eighth Circuit Judicial Council. The judicial council of this circuit is responsible for the administration of the business of this court, and is the body that superintends the administration of the district courts within this circuit. 28 U.S.C. Sec. 332 provides authority for the judicial council of each circuit. That statute further provides that "[e]ach judicial council shall make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit," 28 U.S.C. Sec. 332(d)(1), and that "[a]ll judicial officers and employees of the circuit shall promptly carry into effect all orders of the judicial council." 28 U.S.C. Sec. 332(d)(2).
 
 
 
 [1]
 Chief Judge, United States District Court for the Eastern District of Missouri
 
 
 [2]
 Pickett also cites Johnson v. Mishler, 526 F.2d 364 (2d Cir.1975), in which the Second Circuit issued an order of mandamus under facts similar to those presented here. For the reasons stated in our opinion, we decline to follow Johnson